UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO HUERTA RODRIGUEZ,

    Plaintiff,                     Civil Action No. 2:16-CV-13328
v.                                    HONORABLE SEAN F. COX
                                       UNITED STATES DISTRICT COURT

JOSEPH MCCARTHY, ET. AL.,

    Defendants,
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

### I. Introduction

The Court has before it Plaintiff Mario Huerta Rodriguez's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan. For the reasons stated below, the Court will deny plaintiff's civil rights complaint, because it fails to state a claim upon which relief can be granted. This Court further construes plaintiff's action as a second or successive petition for habeas relief and will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

### II. Standard of Review

Plaintiff paid the entire filing fee of $ 400.00, thus rendering inapplicable this Court's

authority to screen such complaints for frivolity or maliciousness pursuant to a portion of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2). However, the Court has an initial and continuing obligation under Fed.R.Civ.P. 12(b)(1) to review and dismiss cases in which the Court lacks subject matter jurisdiction. Because the Court finds that plaintiff's claim is devoid of merit or no longer open to discussion, the Court will *sua sponte* dismiss the complaint for lack of subject matter jurisdiction.

A federal district court's authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those prisoner complaints that are filed *in forma pauperis*. *Benson v. O'Brian*, 179 F. 3d 1014, 1015 (6th Cir. 1999). Plaintiff did not file his complaint in this case as an indigent, but paid the filing fee and did not seek *in forma pauperis* status. As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn,* 183 F. 3d 477, 479 (6th Cir. 1999).

However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson*, 179 F. 3d at 1017. Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. Furthermore, "a district court may, at any time, *sua sponte*

dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F. 3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore v. Wrigglesworth,* 114 F. 3d 601, 612 (6th Cir. 1997).

### III. Complaint

Plaintiff was convicted in the St. Clair County Circuit Court of felonious assault, assault with intent to commit murder, carrying a firearm with unlawful intent, and possession of a firearm during the commission of a felony. The facts underlying plaintiff's conviction were briefly summarized by the Michigan Court of Appeals in their opinion affirming his conviction:

> The incident giving rise to this case occurred over a three-hour period in the

early morning hours of March 30, 1998. Police responded to a domestic dispute at a residence where shots had been fired. Upon arrival, police found defendant outside the house holding a rifle. Defendant failed to comply with repeated police orders to drop his weapon. Defendant fled into a wooded area. Shortly after 3:00 a.m., defendant emerged from the woods and shots were fired. According to prosecution witnesses, defendant pointed his rifle at two Michigan State Police troopers and fired one round. The troopers returned fire causing defendant to sustain nine gunshot wounds. The defense's theory of the case was that defendant did not fire at the troopers and that they fired at him without cause.

*People v. Rodriguez*, No. 227863, 2003 WL 550012, at * 1 (Mich.Ct.App. Feb. 25, 2003).

After exhausting his state court remedies, plaintiff filed a petition for writ of habeas corpus, which was dismissed with prejudice on the ground it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Rodriguez v. McQuidgen*, No. 08-CV-13263, 2009 WL 2742004 (E.D. Mich. Aug. 25, 2009); *app. dism.* No. 09-2157 (6th Cir. Aug. 3, 2010). Plaintiff has since been denied permission twice by the United States Court of Appeals for the Sixth Circuit to file a successive habeas petition. *See In Re Rodriguez,* No. 12-1605 (6th Cir. Mar. 20, 2013); *In Re Rodriguez,* No. 15-2144 (6th Cir. Apr. 5, 2016).

In his current civil rights complaint, plaintiff alleges that the defendants withheld exculpatory evidence that would establish that he never discharged his weapon and hence is not guilty of the charges that he was convicted of.

## IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

To the extent that plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal convictions had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Plaintiff's claim that the defendants withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) calls into question the validity of his conviction and thus is barred by *Heck* in the absence of any showing that the conviction has been reversed or set aside. *Id.* at 490; *See also Ruiz v. Hofbauer*, 325 F. App'x. 427, 431 (6th Cir. 2009). Plaintiff does not allege that any convictions have been overturned, expunged, or called into question by a writ of habeas corpus, thus, his allegations relating to any criminal prosecution, conviction, and incarceration against the defendants would fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 F. App'x. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence

is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Because plaintiff's § 1983 complaint is being dismissed under *Heck*, the dismissal will be without prejudice. *See e.g. Finley v. Densford,* 90 F. App'x. 137, 138 (6th Cir. 2004).

To the extent that plaintiff is seeking to have his criminal conviction vacated or set aside, his appropriate federal remedy would be to file a petition for writ of habeas corpus. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Petitioner previously filed a habeas petition with the federal courts, which was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d(1). Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a

district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The dismissal of petitioner's prior habeas petition for failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that would render any new habeas petition "second or successive" for the purpose of § 2244(b). *See In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)(per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003)(per curiam); *Cf. In Re Cook,* 215 F.3d 606, 607-08 (6th Cir. 2000)(when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)).

A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004)(citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). Where a prisoner's motion or filing is the functional equivalent of a second

or successive habeas petition, he or she must obtain permission from the court of appeals before bringing such an action in the district court. *See e.g. Long v. Commonwealth of Kentucky,* 80 F. App'x. 410, 414 (6th Cir. 2003)(The provisions of 28 U.S.C. § 2244(b) apply equally to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute); *Byrd v. Bagley,* 37 F. App'x. 94, 95 (6th Cir. 2002)(same). To the extent that plaintiff's civil rights complaint is the equivalent of a second or successive habeas petition, it must be transferred to the Sixth Circuit for a certificate of authorization pursuant to § 2244(b)(3)(A).

## V.  ORDER

**IT IS HEREBY ORDERED** that plaintiff's civil rights complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631, 28 U.S.C. § 2244(b)(3)(A) for a determination of whether plaintiff should be permitted to file a subsequent habeas petition.

**SO ORDERED.**

Dated:  October 24, 2016     s/ Sean F. Cox
                             Sean F. Cox
                             U. S. District Judge


I hereby certify that on October 24, 2016, the foregoing document was served on counsel of record via electronic means and upon Mario Rodriguez via First Class mail at the address

below:

Mario Huerta Rodriguez
288697
ALGER MAXIMUM CORRECTIONAL FACILITY
N6141 INDUSTRIAL PARK DRIVE
MUNISING, MI 49862

                                              s/ J. McCoy
                                              Case Manager